**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-41481**
_____


**JOSE ANTONIO LOMAS, JR,**

                                   **Petitioner-Appellant,**

                    **versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION**

                                   **Respondent-Appellee.**

**Appeal from the United States District Court
for the Southern District of Texas
(C-97-CV-331)**

**October 28, 1998**

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Jose Antonio Lomas, Jr., Texas prisoner #712084, appeals the dismissal as time-barred of his 28 U.S.C. § 2254 habeas application. As held today in *Fields v. Johnson*, ___ F.3d ___ (5th Cir. 1998) (No. 98-10012), 28 U.S.C. § 2244(d)(2) extends, pending pursuit of state post-conviction relief, the one year from the 24 April 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA), within which state prisoner federal petitioners such as

---

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lomas, whose claims would otherwise have been immediately time-barred on AEDPA's effective date, must file such applications.

In June 1991, Lomas was convicted in state court for retaliation (threatening to kill a police officer) and sentenced to 10 years probation. His conviction was upheld on direct appeal in April 1992. His probation was revoked in May 1995.

On 3 October 1996, Lomas filed for state habeas relief, claiming ineffective assistance of counsel. That petition was denied by the Texas Court of Criminal Appeals on 26 March 1997, 174 days after the initial filing.

On 16 June 1997, Lomas filed for habeas relief in federal court, pursuant to 28 U.S.C. § 2254, again claiming ineffective assistance of counsel. Lomas' petition was dismissed as time-barred.

Pursuant to *Fields*, and because Lomas' state post-conviction proceeding was pending for 174 days during the year following 24 April 1996, the effective date of AEDPA, Lomas had 174 days past 24 April 1997 in which to file his first § 2254 application. His 16 June 1997 application was filed within that time. Accordingly, we **VACATE** the judgment and **REMAND** for further proceedings.

*VACATED AND REMANDED*

2